UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

HASSAN SALAMI,  Case No. 05-81242
  Chapter 13
  Debtor.  Hon. Marci B. McIvor
_____/

OPINION GRANTING IN PART AND DENYING IN PART TRUSTEE'S OBJECTION TO PRE-CONFIRMATION ATTORNEY FEES

This matter came before the Court on the Trustee's Objection to Pre-confirmation Attorney Fees. The Trustee objects to Debtors' counsel's fee application on the grounds that: (1) the overall fees requested are excessive; (2) various time entries are unreasonable and excessive; and (3) costs for courier services are non-compensable overhead. Having fully reviewed the file, the fee application, and the objections thereto, the Court GRANTS in part and DENIES in part the Trustee's objections as set forth below, the result being that this Court grants fees in the amount of $3,350.00 (after a reduction of $630.00) and costs in the amount of $334.15.

I.

FACTS

Debtor Hassan Salami filed a Chapter 13 bankruptcy petition on October 13, 2005. Debtors filed a Chapter 13 plan on October 28, 2005 and a first amended plan on January 26, 2006. On February 23, 2006, Debtors' chapter 13 plan was confirmed. On March 16, 2006, Counsel filed her Application for Pre-confirmation Attorney Fees in the amount of

$3,980.00 for fees and $334.15 for costs for the period from October 11, 2005 through February 23, 2006. On April 5, 2006, the Trustee filed objections to the fee application on the grounds that: (1) the overall fees requested are excessive; (2) various time entries are unreasonable and excessive; and (3) costs for courier services are non-compensable overhead.

A hearing on the Fee Application was held on May 4, 2006.

## II.
## ANALYSIS

A. <u>Jurisdiction</u>

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

B. <u>Standard for Awarding Fees</u>

The Bankruptcy Code, 11 U.S.C. § 330(a), codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.

2

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

>   (A) the time spent on such services;
>
>   (B) the rates charged for such services;
>
>   (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>   (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
>   (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

>   (i) unnecessary duplication of services; or
>
>   (ii) services that were not --
>
>>     (I) reasonably likely to benefit the debtor's estate; or
>>
>>     (II) necessary to the administration of the case.

*   *   *

To summarize, 11 U.S.C. § 330(a) requires that requested fees must meet three conditions. The fees must be: (1) reasonable; (2) incurred for services that were actually rendered; and (3) incurred for services that were necessary. *In re Allied Computer*

3

*Repair, Inc.*, 202 B.R. 877 (Bankr. W.D. Ky. 1996).

The Sixth Circuit has adopted a "lodestar method" for actually applying the requirements set forth in 11 U.S.C. § 330. *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method requires that the court first determine a reasonable hourly rate, and then multiply the rate times the reasonable number of hours expended to perform actual, necessary services. The Court may "then determine whether a global reduction or enhancement of the fees is in order." *In re Atwell*, 148 B.R 483, 492-93 (W.D. Ky. 1993). The ability to review fee applications in the context of each individual case "permits the Court to balance the following two competing interests: (1) rewarding the attorney practicing bankruptcy on a level commensurate with other areas of practice; against (2) the need to encourage cost-conscious administration." *Allied Computer Repair, Inc.*, 202 B.R. at 884-85.

Courts have used many factors to analyze the number of hours which constitute a "reasonable number of hours." The factors most often included by courts in their analysis are: 1) the nature of the services rendered; 2) the difficulties and complexities encountered; 3) the results achieved; 4) the size of the estate and the burden it can safely bear; 5) the duplication of services; 6) professional standing, ability, and experience of the applicant; 7) fairness to each applicant; and 8) the cost of comparable services other than for a bankruptcy case. *In re General Oil Distributors*, *Inc.,* 51 B. R. 794 (E.D. N.Y. 1985). The burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981).

4

Bankruptcy attorneys are not entitled to compensation merely because time recorded was actually expended. *In re Allied Computer Repair, Inc.*, 202 B.R. 877, 886 (Bankr. W.D. Ky. 1996). The purpose of bankruptcy is not to serve as a fund for payment of professional fees. Instead, the purpose is to maximize the estate for distribution to creditors. "Attorneys must be disabused of the erroneous notion that they are entitled to compensation as long as the time recorded was actually expended." *Allied Computer Repair* 202 B.R. at 886. Every dollar spent on legal fees results in a dollar less that is available to creditors. *Id.* Attorneys should use "billing judgment" and make a good faith effort to "eliminate unproductive time or to reduce hours on productive projects where the total amount billed would be unreasonable in relation to the economic value of the matter in question." *In re Atwell*, 148 B.R. 483, 490-492 (W.D. Ky. 1993)(billing judgment applicable in determining both the hourly rate and number of billable hours).

C.  Trustee's Objections

  1.  Overall Fees Requested Are Excessive

The Trustee objects to the Fee Application on the grounds that the overall fees of $3,980.00 requested are excessive because this was a routine chapter 13 case. (Trustee's Objections ¶ 1). This Court finds that Counsel's fees, with the exceptions set forth below, were not excessive. In general, the other time entries billed appear to be reasonable. The Court notes that it does not disfavor spending time at the beginning of the case preparing the petition, plan, and schedules so that the documents filed are as

5

accurate as possible, with the belief that this will save time and money later in the case.

2.  Various Time Entries are Unreasonable and Excessive

The Trustee objects to numerous entries in the fee application on the grounds that the services provided were unreasonable and excessive. (Trustee's Objections ¶¶ 2 - 6). This Court finds that the following time entries should be reduced as follows:

| Date | Atty | Task | Hours Billed | Hours Allowed By This Court |
|---|---|---|---|---|
| November 28, 2005 | SMA | Prepare and attend 341 hearing | 3.1 | 2.0 |
| January 19, 2006 | SMA | Prepare and attend conf. hg. | 3.7 | 1.8 |
| February 23, 2006 | SMA | Travel to and from hg Attend conf. hg. | 3.0 | 1.5 |

In summary, the Court finds that the billed-for hours set forth in the above-listed time entries are excessive and should be reduced from 9.8 allowable hours (at SMA's rate of $140/hour) to 5.3 hours.

3.  Costs for Courier Service is Non-Compensable Overhead

The Trustee objects to a charge of $37.50 for a courier service, claiming that the cost is non-compensable overhead. (Trustee's Objections ¶ 7). This Court finds that, as a general rule, the use of courier services is disfavored except under the most exceptional circumstances. In light of electronic filing and the availability of services such as Fedex, it

6

is often unnecessary to use a courier service. Because, in this case, the costs charged for the use of a courier service is relatively small, this Court will allow this cost in this fee application only. However, counsel should be on notice that the use of a courier service in the future will require an explanation of why the use of a courier service was necessary. Without such explanation, costs for the use of such a service will be denied.

### III.
### CONCLUSION

For the above stated reasons, this Court grants fees in the amount of $3,350.00 (after a reduction of $630.00) and costs in the amount of $334.15.

**Entered: May 17, 2006**

                                        **/s/ Marci B. McIvor**
                                      **Marci B. McIvor**
                                        **United States Bankruptcy Judge**